UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE M. VARAD,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>*Commissioner of the Social Security Administration*,<br><br>      Defendant. | \*<br>\*<br>\*<br>\*  Case No. 19-cv-11480-IT<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

**ORDER ADOPTING REPORT AND
RECOMMENDATION ON PENDING MOTIONS**

December 2, 2020

TALWANI, D.J.

### I.  INTRODUCTION

*Pro se* Plaintiff Christine Varad brought this action alleging that the Commissioner of the Social Security Administration ("SSA") improperly denied or attempted take back her benefits under two different SSA programs: Title II Disabled Adult Child benefits and Title XVI Supplemental Security Income benefits. Plaintiff and Defendant Commissioner Andrew M. Saul filed various motions. The magistrate judge to whom the matter was referred has issued a Report and Recommendation [#59]. Plaintiff filed no objections. The Commissioner raised no objections relating to the magistrate judge's recitation of the relevant procedural background or to his recommendations regarding the Title XVI claim. The Commissioner objected, however, to the recommendation that the court deny the Commissioner's motion to remand as it related to the claim for benefits under Title II. Defendant's Objection ("Def.'s Objection") [#60].

On *de novo* review, the court adopts the Report and Recommendation [#59] in full, for the reasons set forth therein, and grants and denies the various motions as recommended. The court

specifically addresses the Commissioner's objection as follows.

## II.   THE COMMISSIONER'S MOTION TO REMAND AND OBJECTION

On June 11, 2019, the Appeals Council issued an unfavorable decision (the "June 2019 Decision") denying Plaintiff's Title II claim. After Plaintiff challenged that decision here, see Complaint [#1], the Appeals council "reopened" the June 2019 Decision, and issued a new unfavorable decision (the "September 2019 Decision"), which Plaintiff also challenged. See Motion for Permission to File "Third Amended Complaint" Pursuant to Fed. R. Civ. P. 15(a) or Alternatively Motion to Find the September 10, 2019 S.S.A. Appeals Council Decision Against the Plaintiff Void for Lack of Jurisdiction S.S.A. Hallex Rule I-3-9-5(C) [#23]. The Commissioner then moved to remand pursuant to Sentence Four of 42 U.S.C. § 405(g), stating that "[t]he Appeals Council acted in error" when it issued the September 2019 Decision "while the current judicial action was pending." Mot. to Remand [#38]. The magistrate judge agreed with the parties that the Appeals Council had acted in error in reopening the matter while Plaintiff's complaint was pending here, as the Appeals Council no longer had primary jurisdiction to reopen its own decision. Report and Recommendation 8 [#59]. The issue, however, was what the remedy should be. Id. at 9. The magistrate judge recommended that the September 2019 Decision be treated as a nullity, and the court treat the June 2019 Decision denying the plaintiff's Title II application as the Commissioner's final decision. Id. at 10. This recommendation is consistent with the identified problem, namely, that the Appeals Council did not have jurisdiction to issue the September 2019 Decision.

The Commissioner's motion argued that "remand of this case is necessary to issue a jurisdictionally sound decision." Mot. to Remand 2 [#38]. He reasserts here that this is a request "to remand the claim due to errors in the administrative handling of the matter," and that remand is appropriate where "the Commissioner has acknowledged an error . . . ." Def.'s Objection 1 [#60] (citing Mot. to Remand [#38]). But the Commissioner admits to no error in the June 2019 Decision

that needs to be corrected by remand, and mishandling of the September 2019 Decision would be addressed by treating the June 2019 Decision as the final decision, as the magistrate judge recommended.

The Commissioner asserted further that if the matter was remanded, "the Appeals Council will instruct the Administrative Law Judge to hold a new hearing regarding Plaintiff's Title II . . . claim[]." Mot. to Remand 2-3 [#38]. He reiterates here that "[g]ranting the Commissioner's motion would entitle Plaintiff to a new hearing and an entirely new decision on her claim." Def.'s Objection 3 [#60]. But again, the Commissioner offers no reason for why a new hearing is warranted where the only admitted problems concern the September 2019 Decision, and not the June 2019 Decision that the court would treat as the Commissioner's final decision.[1]

In sum, the court finds no merit to the Commissioner's objection, and concludes that Plaintiff's Title II claim, as based on the June 2019 Decision, is properly before the court.

### III.     CONCLUSION

Based on the foregoing and for the reasons set forth in the Report and Recommendation [#59]:

(1)     Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [#38] is DENIED as to Plaintiff's Title II claim. However, those portions of the Amended Complaint [#9] relating to Plaintiff's Title XVI claim are DISMISSED without prejudice and subject to refiling after the Plaintiff has exhausted her administrative remedies;

---

[1] As the magistrate judge pointed out, the Commissioner's request is not made pursuant to the sixth sentence of 42 U.S.C. § 405(g), under which a court may remand "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." Report and Recommendation 10 [#59] (quoting Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991)).

(2)     Plaintiff's Motion for Permission to File "Second Amended Complaint" Pursuant to Fed. R. Civ. P. 15(a) [#15] is DENIED as moot;

(3)     Plaintiff's Motion for Permission to File "Third Amended Complaint" Pursuant to Fed. R. Civ. P. 15(a) or Alternatively Motion to Find the September 10, 2019 S.S.A. Appeals Council Decision Against the Plaintiff Void for Lack of Jurisdiction S.S.A. Hallex Rule I-3-9-5(C) [#23] is DENIED as moot;

(4)     Plaintiff's Motion for Order Reversing Social Security Administration Action Terminating Plaintiff's Supplemental Security Benefits [#31] is DENIED as premature where the Commissioner has not yet issued a final decision regarding the plaintiff's Title XVI claim;

(5)     Plaintiff's Motion for Order Reversing Final S.S.A. Agency Action Taken by the Commissioner on July 11, 2019/Reopened Sua Sponte September 10, 2019 Acting as the S.S.A. Appeals Council Which Denied Appellant Benefits Based on an Unproven Claim of "Substantial Gainful Activity" "S.G.A." [#54] is DENIED as moot where it is duplicative of Plaintiff's Motion for Summary Judgment [#12]; and

(6)     Plaintiff's Motion for Summary Judgment [#12] is treated as a motion seeking to reverse a final decision of the Commissioner denying Plaintiff's application for Title II benefits; and the Commissioner shall respond to this motion on the merits no later than December 31, 2020.

        IT IS SO ORDERED.


Date: December 2, 2020                    /s/ Indira Talwani
                                          United States District Judge